[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2009
THOMAS K. KAHN
CLERK

No. 09-10351
Non-Argument Calendar
_____

D. C. Docket No. 04-00295-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS AURELIUS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 2, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On September 10, 2004, the district court sentenced Marcus Aurelius

Johnson to prison for 26 months and a three-year term of supervised release for conspiracy to commit identification document fraud in violation of 18 U.S.C. § 1028(f). Johnson was released from prison on November 25, 2005; the State of Virginia had issued a detainer, however, so he was transferred to a facility in Virginia to answer pending criminal charges. He was in custody in Virginia until March 26, 2006, when he entered a plea of guilty, was sentenced, and released. As part of his sentence, the Virginia court ordered that Johnson receive credit for the time spent in confinement under the detainer.

On December 3, 2008, the district court's probation office filed a petition to revoke Johnson's supervised release on the ground that Johnson had been arrested on November 12, 2008 for several forgery and fraud offenses and for associating with a person engaged in criminal activity. The district court held a revocation hearing on December 13, 2008, and Johnson admitted the allegations of the petition for revocation. He argued that the court lacked jurisdiction, however, because the three-year term of his supervised release expired on November 25, 2008, on his release from federal custody, and his time in custody under the Virginia detainer did not toll that three-year term. The district court disagreed, revoked the supervised release, and sentenced Johnson to 23 months' confinement to be followed by an 11-month term of supervised release. He now appeals the

sentence, arguing that his release from federal custody to the State of Virginia pursuant to the detainer commenced the running of his three-year term of supervised release and did toll the period in which a revocation petition could be filed.

Whether the district court had jurisdiction to revoke Johnson's supervised release is subject to <u>de novo</u> review. <u>See</u> <u>United States v. Najjar</u>, 283 F.3d 1306, 1307 (11th Cir. 2002). Although the Supreme Court has held that supervised release begins when a prisoner is released from federal custody, it has also noted that, under 18 U.S.C. § 3624(e), "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." <u>See</u> <u>United States v. Johnson</u>, 529 U.S. 53, 57, 120 S.Ct. 1114, 1117, 146 L.Ed.2d 39 (2000); <u>see also</u> <u>United States v. Okoko</u>, 365 F.3d 962, 964 (11th Cir. 2004).

Although we have not addressed in a published decision whether pretrial detention can constitute "imprisonment" under 18 U.S.C. § 3624(e), other courts of appeals have done so. The Fifth and Sixth Circuits have held that a pretrial detention period lasting 30 days or more falls within the meaning of "imprisoned" under § 3624(e) and tolls the period of supervised release, provided that a

3

conviction ultimately results from the charges underlying the pretrial detention. See United States v. Molina-Gazca, 571 F.3d 470, 474 (5th Cir. 2009); United States v. Goins, 516 F.3d 416, 422, 424 (6th Cir. 2008) (concluding that pretrial detention was not excluded from the scope of "imprisonment" under § 3524(e), given Congress' silence on the matter and finding support in 18 U.S.C. § 3585(b), which created "a connection between pretrial detention and a later conviction."). In calculating a term of imprisonment, a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed."  18 U.S.C. § 3585(b).

We have stated that we would look only "to the language used in the sentencing court's judgment[]" to determine a defendant's total sentence of imprisonment.  United States v. Glover, 154 F.3d 1291, 1295-96 (11th Cir. 1998) (a case involving a Guidelines dispute regarding assessment of criminal history points based on "sentence of imprisonment," and holding that, under the Guidelines, where a sentence is suspended, a "sentence of imprisonment" refers only to the portion that was not suspended).

The federal meaning of suspension should prevail over state statutory constructions.  United States v. Ayala-Gomez, 255 F.3d 1314, 1319 (11th Cir.

2001) (immigration case analyzing whether a suspended sentence constituted an aggravated felony within the meaning of the Immigration and Nationality Act). "In the pre-Guidelines federal system . . . suspension of a sentence was simply a procedural step on the way to excusing a defendant from a prison term and allowing him to serve his sentence on probation." Id. at 1317-18 (citing 18 U.S.C. § 3651 (1982), which provided that, in many circumstances, a court could suspend the imposition or execution of sentence and place the defendant on probation for such period the court deemed best, repealed by Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 212(a)(2), 98 Stat.1945, 1987). Further, the pre-Guidelines sentencing system "does not appear to have ever had a provision permitting a judge simply to suspend a sentence without imposing probation." Ayala-Gomez, 255 F.3d at 1318 (citing 18 U.S.C. § 3651).

Although the federal meaning likely controls, it is noteworthy that Virginia law provides that a suspension of a sentence means either delay in the imposition of a sentence for crime or the staying of execution of the sentence imposed. Carbaugh v. Commonwealth, 449 S.E.2d 264, 266 (Va. App. 1994). It is not a pardon, excuse, immunity, or relief, from the punishment, but a mere suspension, or postponement, of its execution. Richardson v. Commonwealth, 109 S.E. 460, 462 (Va. 1921).

Here, Johnson does not dispute that he has been convicted of the charges that served as the basis for his pretrial confinement. The state court sentencing order explicitly states that Johnson was sentenced to two years' imprisonment for charges that he was initially held in pretrial confinement subsequent to his release from federal custody. Even if he did not actually serve time in prison for his state conviction, as the record shows that his sentence was suspended pending completion of probation, he was allowed to serve his sentence on probation.

As such, and because Johnson was sentenced to more than 30 days imprisonment based on his state court charges, the term of supervised release did not run between the date he was released from federal custody on November 25, 2008, and the date he was released from state confinement on March 3, 2006. Consequently, Johnson's three-year period of supervised release was set to expire in March 2009, and, the district court had jurisdiction over the revocation petition filed in December 2008.

AFFIRMED.

6