**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 09-4833

DANA MICHAEL IDE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph R. Goodwin, Chief District Judge.
(6:01-cr-00256-3)

Argued: September 24, 2010

Decided: November 12, 2010

Before SHEDD and KEENAN, Circuit Judges, and
Robert J. CONRAD, Jr., Chief United States District Judge
for the Western District of North Carolina,
sitting by designation.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge Shedd and Judge Conrad joined.

**COUNSEL**

**ARGUED**: Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Blaire L. Malkin, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, Christian M. Capece, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

**OPINION**

KEENAN, Circuit Judge:

In this appeal, we consider whether a term of supervised release is tolled under 18 U.S.C. § 3624(e) while a defendant is held in pretrial detention on charges for which he is later convicted. We agree with the majority of our sister circuits that have addressed this question and hold that, under these circumstances, the defendant's supervised release term is tolled. We therefore affirm the district court's judgment.

I.

In February 2002, Dana Michael Ide entered a guilty plea to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The district court sentenced Ide to thirty months' imprisonment, and ordered a supervised release term of three years to follow Ide's prison sentence. Ide's three-year term of supervised release began when he was released from federal prison on February 11, 2004.

Ide served about eleven months of his supervised release term before being arrested by West Virginia state authorities

in January 2005, on charges of participating in a conspiracy to operate a methamphetamine laboratory. Ide did not post bond and remained in state custody through the end of his trial.

A jury convicted Ide on the state charges in September 2005. Ide was sentenced in November 2005 to a two-to-five year term of imprisonment, and was given credit for the seven months and six days that he spent in pretrial detention. Ide was released from state custody in July 2007, after spending twenty-two months and twenty-two days in prison since the date of his conviction on the state charges.

In June 2009, the government petitioned the district court to revoke Ide's term of supervised release originally imposed in May 2002 as part of his sentence on the federal charge. The government alleged that Ide's commission of an additional state offense, along with his failure to file monthly reports, violated the conditions of his supervised release.

Ide filed a motion to dismiss the revocation petition, contending that the district court lacked jurisdiction to consider the government's petition because it was not timely filed. Ide argued that he had served about forty-one months of supervised release at the time the government's revocation petition was filed, a period longer than the thirty-six month supervisory period imposed by the district court. Ide's calculation of forty-one months included the period of seven months and six days that he had spent in pretrial detention.

In response, the government contended that Ide's term of supervised release was tolled under 18 U.S.C. § 3624(e) during his pretrial detention on the state charges. Therefore, according to the government, Ide's term of supervised release would have expired on August 9, 2009, more than two months after the government filed its revocation petition.

The district court agreed with the government's interpretation of 18 U.S.C. § 3624(e), and held that Ide's supervised

release term was tolled during the period prior to his conviction in which he was detained on the state charge. Thus, the district court held that the government's petition for revocation was timely filed, and denied Ide's motion to dismiss.

The district court further held that Ide had violated the conditions of his supervised release. Based on Ide's violation of these conditions, the district court revoked Ide's supervised release term and sentenced Ide to a six-month prison term followed by a seven-month period of supervised release. Ide timely filed a notice of appeal.

## II.

The sole question presented in this appeal is whether Ide's term of supervised release was tolled under 18 U.S.C. § 3624(e) during his pretrial detention for an offense for which he was later convicted. Ide does not challenge the district court's holding that he violated the terms of his supervised release.

The parties agree that if Ide's term of supervised release was not tolled by the statute during his pretrial detention on the state charge, the government's revocation petition was untimely. If, however, the statute tolled Ide's term of supervised release during this period, the government's petition to revoke was timely filed and was properly before the district court.

This issue of statutory interpretation presents a question of law that we review de novo. *See United States v. Segers*, 271 F.3d 181, 183 (4th Cir. 2001). The period during which a term of supervised release remains in effect is addressed in 18 U.S.C. § 3624(e), which states in relevant part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local

term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release *does not run during any period* in which the person is *imprisoned in connection with a conviction* for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

(Emphasis added). Thus, we must determine whether a person held in pretrial detention is "imprisoned" "in connection with a conviction," within the meaning of § 3624(e).

When interpreting a statute, we first consider the plain meaning of the statutory language. *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010). In examining a statute's plain meaning, we consider all the words employed and do not review isolated phrases. *United States v. Mitchell*, 518 F.3d 230, 233-34 (4th Cir. 2008). Our analysis of particular statutory language also is informed by "the specific context in which that language is used, and the broader context of the statute as a whole." *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

The precise issue before us already has been considered by four of our sister circuits, namely, the Fifth, Sixth, Ninth, and Eleventh Circuits. The Ninth Circuit addressed this issue first in *United States v. Morales-Alejo*, 193 F.3d 1102 (9th Cir. 1999), and held that a defendant's pretrial detention does not toll his period of supervised release. The court concluded that the plain language of the term "imprisoned in connection with a conviction" in § 3624(e) requires "an imprisonment resulting from or otherwise triggered by a criminal conviction." *Id.* at 1105. According to the Ninth Circuit, pretrial detention is incompatible with this requirement "because a person in pretrial detention has not yet been convicted and might never be convicted." *Id.*

Each of the other three circuit courts that have addressed this issue have disagreed with the Ninth Circuit's conclusion. The Sixth Circuit, in *United States v. Goins*, 516 F.3d 416 (6th Cir. 2008), held that pretrial detention on a charge for which a defendant later is convicted tolls a term of supervised release. The Sixth Circuit observed that "[i]f the Ninth Circuit were correct that Congress uses 'imprisonment' only when it wishes to refer to a confinement that is the result of a penalty or sentence, then the phrase 'in connection with a conviction' becomes entirely superfluous." *Id.* at 421. The Sixth Circuit further reasoned that the plain language of the phrase "imprisoned in connection with a conviction" includes persons whose pretrial detentions later are connected to a conviction. *Id.* at 422. According to the Sixth Circuit, the statutory phrase at issue "eschews any temporal limitations." *Id.*

The Fifth Circuit confronted this issue in *United States v. Molina-Gazca*, 571 F.3d 470 (5th Cir. 2009). Examining the Sixth and Ninth Circuits' respective holdings in *Goins* and *Morales-Alejo*, the Fifth Circuit held that the Sixth Circuit's approach was preferable because the holding in *Goins* used a "plain meaning interpretation of § 3624(e) [that] gives effect to all of its terms." *Id.* at 474. Soon thereafter, the Eleventh Circuit agreed with the Fifth and Sixth Circuits, and concluded that pretrial detention on a charge for which a defendant later is convicted falls within the meaning of the term "imprisoned" in § 3624(e). *United States v. Johnson*, 581 F.3d 1310, 1311-12 (11th Cir. 2009). The Eleventh Circuit therefore held that a defendant's period of supervised release is tolled during such a pretrial detention. *Id.*

After reviewing the parties' arguments and the cases discussed above, we agree with the decisions of the Fifth, Sixth, and Eleventh Circuits and hold that a defendant's term of supervised release is tolled while the defendant is held in pretrial detention on charges for which he is later convicted.[1] We reach this result for several reasons.

---

[1]Our holding is limited to situations, as in the present case, in which the period of incarceration that the defendant spends in pretrial detention later

We conclude, like the majority of our sister circuits resolving this issue, that § 3624(e) is unambiguous and plainly provides for tolling the term of supervised release under the circumstances presented here. In conjunction with our reading of the entire language of this statute, two key phrases in § 3624(e) mandate our conclusion.

We observe that Congress included the phrase "during any period" in the same sentence as the phrase "imprisoned in connection with a conviction." The phrase "during any period" necessarily includes *all* time periods, both before and after a conviction, for which an imprisonment is connected with that conviction. In contrast, acceptance of Ide's argument effectively would nullify the word "any," which is a result we will not reach. *See Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007). Similarly, we decline Ide's invitation to read the word "following" into the statute, as it is not this Court's province to redraft legislation.

We agree with the Sixth Circuit's reasoning that the phrase "in connection with a conviction" necessarily includes a period of pretrial detention for which a defendant receives credit against the sentence he ultimately receives. *Goins*, 516 F.3d at 422. A contrary conclusion would render the phrase "in connection with" superfluous, a result that we will avoid whenever possible.[2] *See United States v. Talebnejad*, 460 F.3d 563, 568 (4th Cir. 2006).

---

is credited toward the prison sentence that he receives following his conviction. We express no view regarding whether the supervised release term may be tolled in instances in which the defendant does not receive credit for time spent in pretrial detention.

[2]Although Ide also argues that the possibility of a defendant's conviction in a jurisdiction outside the United States would allow the phrase "in connection with a conviction for a Federal, State, or local crime" to have the meaning that he advocates, we reject this argument because we find no indication in the statute that Congress was concerned with foreign convictions.

While § 3624(e) does not define the word "imprisoned," we note that Congress, in a separate statute, has used this identical word in a context that includes pretrial detention. In 18 U.S.C. § 3041, the general arrest statute, Congress provided that "the offender may . . . be arrested and imprisoned or released . . . for trial." In that statute, therefore, Congress plainly used the word "imprisoned" to refer to detention that occurs before a trial. Thus, Ide's contention that the word "imprisoned" can only refer to confinement following a conviction is incorrect. Accordingly, we agree with the district court's interpretation of 18 U.S.C. § 3624(e).

III.

We hold that Ide's term of supervised release was tolled during the period that he spent in pretrial detention awaiting trial on the West Virginia charge for which he later was convicted. Thus, the district court correctly determined that the government's petition to revoke Ide's term of supervised release was timely filed.

For these reasons, we affirm the district court's judgment.[3]

*AFFIRMED*

---

[3]Because we conclude that the language of § 3624(e) is plain, we need not address the various public policy arguments that each side advances in support of their respective interpretations of the statute.