## UNITED STATES of America

v.

## Patricia BLEVINS.

## Criminal No. 1:10cr138.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 19, 2012.

---

Mysti Dawn Degani, U.S. Attorney's Office, Alexandria, VA, for United States of America.

William Todd Watson, Office of the Federal Public Defender, Alexandria, VA, for Patricia Blevins.

## MEMORANDUM OPINION

T.S. ELLIS, III, District Judge.

This supervised release violation matter presents the novel threshold jurisdictional question whether the defendant's term of supervised release was tolled pursuant to 18 U.S.C. § 3624(e) during the period defendant was held in pretrial detention on a

state charge, which was later dismissed as part of defendant's plea agreement to a separate state charge for which she received a suspended custody sentence. For the reasons that follow, § 3624(e)'s tolling provision does not apply to the facts presented here, nor is there any basis for application of the judicial doctrine of equitable tolling, and the pending supervised release violation petition must therefore be dismissed for lack of jurisdiction.

## I.

Resolution of this jurisdictional question requires a brief summary of the essential facts and proceedings to date. Thus, the record reflects that on May 21, 2010, defendant waived her right to an indictment and pled guilty in this district to a criminal information charging her with one count of attempt to acquire and obtain possession of hydrocodone/APAP, a Schedule III controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of 21 U.S.C. §§ 843(a)(3) and 846. On July 16, 2010, defendant was sentenced on this offense to the period of time she had then already served in federal custody (nearly four months), to be followed by a one-year period of supervised release—the maximum term of supervised release authorized by statute.[1] As special conditions of supervised release, defendant was required, inter alia, (i) to serve 60 days in community confinement, and (ii) to participate in, and successfully complete, both an approved mental health treatment program and a program of substance abuse testing and rehabilitation. *See United States v. Blevins*, 1:10cr138 (E.D.Va. July 16, 2010) (Judgment).

Immediately following the July 16, 2010 sentencing hearing in this matter—indeed, just outside the federal courthouse—defendant was arrested and taken into custody by Prince William County authorities. Defendant's detention in this regard was based on a single state charge, namely that she had committed felony murder in connection with her father's death on March 14, 2010.[2] Defendant's state detention based solely on this felony murder charge continued thereafter for more than seven months, from July 16, 2010 until March 7, 2011. On March 7, 2011, however, separate indictments were returned in the Prince William County Circuit Court charging defendant with six offenses, namely (i) one count of felony murder, (ii) one count of dispensing hydrocodone, and (iii) four counts of prescription fraud. Defendant was served with a capias arising out of these indictments the following day, March 8, 2011.[3] Thus, as of March 8, 2011, defendant's detention by Prince William County authorities was based not only

1. Because defendant's conviction under 21 U.S.C. § 843 is appropriately categorized as a Class E felony, the authorized term of supervised release was limited to a period of one year. *See* 18 U.S.C. § 3583(b)(3) (providing that the authorized term of supervised release for a Class E felony is "not more than one year"); *see also* 18 U.S.C. § 3559(a)(5) (providing that "[a]n offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is … less than five years but more than one year, as a Class E felony"); 21 U.S.C. § 843(d) (providing that "any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years").

2. Although not entirely clear from the record, it appears that the felony murder charge was based on an allegation that defendant's father's death was caused by "complications resulting from extremely high levels of Sertraline," which apparently was one of several fraudulently-obtained prescription drugs found in defendant's residence during the course of the instant investigation. Gov't Br., Ex. 1 (Doc. 52–1) at 3.

3. The Virginia Code provides that "[a] warrant or capias shall be executed by the arrest of the accused … [and] [t]he law-enforcement officer executing a warrant or capias shall endorse the date of execution thereon

on the original felony murder charge, but also on the new charges of prescription fraud and dispensing hydrocodone.

On August 17, 2011, defendant pled guilty in state court to three of the four charges of prescription fraud, and the remaining state charges against her were dismissed on the government's motion,[4] including, significantly, the felony murder charge for which she had been detained from July 16, 2010 to March 7, 2011. Defendant then remained in state custody following her guilty plea to three counts of prescription fraud until her state sentencing hearing on those convictions, which was held on October 27, 2011. On that date, defendant was sentenced to a five-year consecutive sentence on each of the three counts of prescription fraud, with all fifteen years suspended, to be followed by two years of supervised probation. Defendant was thus released from Prince William County custody following the imposition of the state suspended sentences on October 27, 2011.

After defendant's release from state custody, federal probation officers in this district began supervising defendant in connection with her one-year period of supervised release in this matter. Following several months of delay, owing to various unknown administrative and availability issues, defendant was designated to the Montgomery County Pre–Release Center to serve the 60–day period of community confinement that had been imposed in this case as a special condition of supervised release. Defendant successfully completed her term of community confinement on March 12, 2012 and her federal supervision thereafter proceeded without incident until August 10, 2012, when the probation officer submitted a petition alleging that defendant had violated the terms and conditions of her period of supervised release in several respects.[5] It is this petition that is at issue here.

In the course of the supervised release violation proceeding, defendant, by counsel, raised a threshold jurisdictional objection, arguing specifically that defendant's one-year period of supervised release had already expired by the time the probation officer submitted the instant petition in August 2012. In support of this argument, defendant contends that pretrial detention by state authorities cannot serve to toll a term of supervised release pursuant to 18 U.S.C. § 3624(e) where, as here, the sole charge on which the defendant was detained during the relevant period was eventually dismissed. In other words, defendant contends that her period of supervised release commenced following her release from federal custody on July 16, 2010, and continued to run through March 7, 2011, when she was indicted on the prescription fraud charges of which she was later convicted. The parties have both briefed and argued the jurisdictional question presented and the matter is now ripe for disposition.

## II.

◼ The starting point in the analysis must, of course, be the terms of any appli-

---

and make return thereof to a judicial officer." Va. Code § 19.2–76.

4. Specifically, these charges were dismissed on the Commonwealth's motion for *nolle prosequi*. *See* Va. Code § 19.2–265.3 (providing that "[n]olle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown").

5. Specifically, the petition alleges that defendant violated the terms of her supervised release by (i) associating with a convicted felon without permission of the probation officer, (ii) failing to notify the probation officer within 72 hours of being questioned by a law enforcement officer, and (iii) failing to report a change in address to the probation officer.

cable statutes, for the analysis need go no further if Congress has directly spoken on the question presented. Here, the applicable statute is 18 U.S.C. § 3624(e), which governs the commencement and continuation of a federal term of supervised release. In this regard, § 3624(e) provides, at the outset, that a defendant's term of supervised release commences on the day he or she is released from federal custody. *See* 18 U.S.C. § 3624(e) (providing that "the term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release"). As pertinent here, § 3624(e) goes on to provide that

> [a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e). A careful examination of this particular provision is key to the instant analysis, as the question presented here essentially turns on whether defendant's detention on the dismissed felony murder charge from July 16, 2010 to March 7, 2011 was "in connection with a conviction for a Federal, State, or local crime." Not surprisingly, the parties have offered competing interpretations of the provision in question as applied to the facts of this case.

Defendant, for her part, contends that her pretrial detention by state authorities from July 16, 2010 to March 7, 2011 was not "in connection with a conviction"—and thus that her term of federal supervised release was not tolled pursuant to § 3624(e)—given that the only offense for which she was charged and detained during that period was the dismissed felony murder charge. The government, on the other hand, argues that defendant's detention on the felony murder charge from July 16, 2010 to March 7, 2011 was nonetheless "in connection with a conviction" for purposes of § 3624(e)'s tolling provision because the felony murder charge "arose out of the same course of conduct as her ultimate convictions" for prescription fraud. Gov't Br. (Doc. 52) at 1.

The statute itself does not define what is meant by the phrase "imprisoned *in connection with a conviction* for a Federal, State, or local crime," so as to toll a defendant's term of supervised release when that period of imprisonment is at least "30 consecutive days." 18 U.S.C. § 3624(e) (emphasis added). And, neither the Fourth Circuit nor any other circuit has addressed the question of tolling under § 3624(e) in facts identical to those presented here. Several recent decisions from the Fourth Circuit and elsewhere are nonetheless instructive to the analysis.

Specifically, in *United States v. Ide*, 624 F.3d 666 (4th Cir.2010), the Fourth Circuit was presented with the question whether a defendant was entitled to credit toward his federal term of supervised release for time spent in pretrial detention on a state charge for which he was eventually convicted. There, the Fourth Circuit, consistent with earlier decisions from the Fifth, Sixth and Eleventh Circuits, held definitively that a defendant's term of supervised release is tolled pursuant to § 3624(e) "while the defendant is held in pretrial detention *on charges for which he is later convicted.*" *Id.* at 669 (emphasis added).[6] This holding was based, in part, on the Fourth Circuit's conclusion that the

---

**6.** *See United States v. Goins,* 516 F.3d 416, 421–22 (6th Cir.2008) (holding that pretrial detention on a charge for which defendant is later convicted tolls a term of supervised re-

phrase "during any period," as used in the statute, "necessarily includes all time periods, both before and after a conviction, for which an imprisonment is connected *with that conviction.*" *Id.* (emphasis added).[7]

Importantly, *Ide's* interpretation of the relevant statute has direct application only in cases where, unlike here, the defendant is actually convicted of the charge forming the basis of the pretrial detention. And even then, the Fourth Circuit's holding is expressly limited "to situations ... in which the period of incarceration that the defendant spends in pretrial detention later is *credited toward the prison sentence that he receives following his conviction.*" *Id.* at 669 n. 1 (emphasis added).[8] Here, of course, not only was defendant not convicted of the felony murder charge for which she was held in pretrial detention from July 16, 2010 to March 7, 2011, but she also did not receive credit for any of that time spent in pretrial detention toward her subsequent state convictions for prescription fraud. Rather, the record is undisputed that defendant received a five-year suspended sentence on each of these prescription fraud convictions.[9]

■ Simply put, therefore, *Ide* and analogous cases from the Fifth, Sixth and Eleventh Circuits, applied to the facts presented here, point persuasively against application of § 3624(e)'s tolling provision given that defendant was not ultimately convicted of the felony murder charge for which she was held in state custody from July 16, 2010 to March 7, 2011. In other words, defendant's pretrial detention on a state charge that is later dismissed does not constitute imprisonment "in connection with a conviction for a Federal, State, or local crime," as required to trigger application of § 3624(e)'s tolling provision.

■ The government contends that statutory tolling of defendant's term of supervised release is nonetheless appropriate for the period July 16, 2010 to March 7, 2011 because the felony murder charge on which defendant was detained during that period, while eventually dismissed, "arose out of the same course of conduct as [defendant's] ultimate convictions" for prescription fraud. Gov't Br. (Doc. 52) at 1. Significantly, the government does not

---

lease, as the plain language of the phrase "imprisoned in connection with a conviction" includes persons whose pretrial detentions later are connected to a conviction); *United States v. Molina–Gazca,* 571 F.3d 470, 474 (5th Cir.2009) (agreeing with the Sixth Circuit's holding in *Goins* because it used a "plain meaning interpretation of § 3624(e) [that] gives effect to all of its terms"); *United States v. Johnson,* 581 F.3d 1310, 1311–12 (11th Cir.2009) (concluding that pretrial detention on a charge for which a defendant is later convicted falls within the meaning of the term "imprisoned" in § 3624(e) and a defendant's period of supervised release is therefore tolled during such a pretrial detention).

7. *But see United States v. Morales–Alejo,* 193 F.3d 1102, 1105 (9th Cir.1999) (holding that a defendant's pretrial detention does not toll his period of supervised release under § 3624(e) because the plain language of the phrase "imprisoned in connection with a conviction"

requires "an imprisonment resulting from or otherwise triggered by a criminal conviction" and "a person in pretrial detention has not yet been convicted and might never be convicted").

8. Indeed, the Fourth Circuit specifically noted in *Ide* that it "express[ed] no view regarding whether the supervised release term may be tolled in instances in which the defendant does not receive credit for time spent in pretrial detention." *Id.* at 669 n. 1.

9. Nor is it clear, as the government appears to suggest, that defendant would be entitled to credit toward her prescription fraud convictions for the more than seven-month period she was held in pretrial detention solely on the felony murder charge—i.e., prior to the prescription fraud charges being filed on March 7, 2011—if, for some reason, her suspended sentences are lifted by the state court at a later date.

offer any case law directly supporting its argument in this regard; nor has an independent search disclosed any such authority. This is not at all surprising, for it is clear that accepting the government's proposition would essentially read an additional tolling exception into § 3624(e) that Congress has not expressly authorized. And, it is well-settled that "[w]hen Congress provides exceptions in a statute, it does not follow that courts have authority to create others." *United States v. Johnson,* 529 U.S. 53, 58, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Rather, as the Supreme Court recognized when interpreting § 3624(e) in different circumstances,[10] "the proper inference ... is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth." *Id.*

■ Nor does this case present any extraordinary circumstances justifying application of the judicial doctrine of equitable tolling as, for example, in those cases where a defendant voluntarily absconds from supervision and is thus not capable of being supervised "by virtue of his own wrongful act." *See, e.g., United States v. Buchanan,* 638 F.3d 448 (4th Cir.2011)

(holding that a defendant's federal term of supervised release is tolled when a defendant absconds from supervision).[11] Unlike a defendant who has fled from supervision and is thus a fugitive from justice, a defendant who is held in pretrial detention by state authorities (particularly on a charge that is later dismissed) has not committed a voluntary act solely in an effort to avoid the terms and conditions of supervised release. Even more importantly, application of the judicial doctrine of equitable tolling would, in this instance, be inconsistent with the express language of § 3624(e) insofar as the statute limits tolling arising out of a defendant's imprisonment to those situations where the imprisonment is "in connection with a conviction." *See United States v. Beggerly,* 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (recognizing that "equitable tolling is not permissible where it is inconsistent with the text of the relevant statute").

■ Although the result reached here effectively allows defendant to avoid active federal supervision for the majority of her one-year period of supervised release—and thus is inconsistent with the underlying purposes of supervised release[12]—this

---

**10.** In *Johnson,* the Supreme Court was not presented with a question, as involved here, concerning the tolling of a defendant's term of supervised release pursuant to § 3624(e) as a result of a later incarceration on a new charge. Rather, *Johnson* addressed the initial commencement of a defendant's term of supervised release under the terms of the statute where the defendant served excess time in prison on the conviction for which the period of supervision was imposed. And there, the Supreme Court held that § 3624(e) does not reduce the length of a defendant's term of supervised release by reason of excess time served in prison on the conviction for which the supervision was imposed, but instead, a term of supervised release commences upon defendant's actual release from imprisonment by the Bureau of Prisons. *Johnson,* 529 U.S. at 57–59, 120 S.Ct. 1114.

**11.** *See also United States v. Murguia–Oliveros,* 421 F.3d 951, 954 (9th Cir.2005) (recognizing that "[a] person on supervised release should not receive credit against his period of supervised release for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release") (citation omitted); *United States v. Fisher,* 895 F.2d 208, 210 (5th Cir.1990) (citing [*U.S. v.*] *Workman*[, 617 F.2d 48 (4th Cir.1980)] when acknowledging a "line of cases assert[ing] that the probationary term is tolled and jurisdiction is extended for the period of time during which the probationer is not under probationary supervision because of his own wrongful action"); *United States v. Martin,* 786 F.2d 974, 975–76 (10th Cir.1986) (same).

**12.** It is clear that "Congress intended supervised release to assist individuals in their transition to community life ... [and] [s]uper-

is nonetheless the result dictated both by the unusual circumstances presented here, and also by the express language of the applicable statute.[13] Even so, in many cases, appropriate steps can be taken to avoid such an anomalous result. Indeed, not only can Congress act to amend the language of § 3624(e) to include additional tolling provisions, but a district court may also extend a defendant's term of supervised release at any time prior to its expiration to account for any period of detention not captured by § 3624(e)'s tolling provision, provided the maximum authorized term was not already imposed, as was the case here.[14] Moreover, in many cases, a defendant's arrest and pretrial detention on a new federal, state or local crime allegedly committed during a period of federal supervision will result in the prompt filing of a violation petition. Such a petition, provided it is filed prior to expiration of defendants term of supervised release, would, of course, provide the district court with jurisdiction to adjudicate the petition following the defendant's eventual release from detention on the new charge.[15]

### III.

In sum, then, neither the express language of § 3624(e) nor the judicial doctrine of equitable tolling serves to toll defendant's period of supervised release for the period she was held in pretrial detention by state authorities solely on the dismissed

---

vised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (citations omitted); *see also* S.Rep. No. 98–225, at 124 (1983) (noting that "the primary goal of such a term [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release"), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3307.

13. It should be noted that this is not the only circumstances in which a defendant's period of supervised release has been recognized to run despite the defendant not being subject to all of the terms and conditions of direct supervision. For example, it is well-settled that a term of supervised release is not tolled during a defendant's absence from the United States as a result of an immigration order of deportation or removal. *See, e.g., United States v. Ossa–Gallegos*, 491 F.3d 537 (6th Cir.2007); *United States v. Balogun*, 146 F.3d 141 (2d Cir.1998). Like an individual who is held in pretrial detention on a charge that is later dismissed, an individual who is removed from the country for immigration-related purposes is not absent from supervision as a result of his own voluntary act, but rather as a result of government action.

14. In this regard, 18 U.S.C. § 3583(e)(2) expressly provides that

[t]he court may, after considering the factors set forth in section 3553(a) ... extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

15. Indeed, 18 U.S.C. § 3583(i) provides, in pertinent part, that

[t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and ... a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if before its expiration, a warrant or summons has been issued* on the basis of an allegation of such a violation.

felony murder charge. Given this, defendant's term of supervised release had already expired by the time the instant violation petition was filed in August 2012 and the petition must therefore be dismissed for lack of jurisdiction.

An appropriate Order will issue.