**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4879**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KATIE MARIE REAVELY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Bruce H. Hendricks, District Judge. (8:16-cr-00535-BHH-1)

Submitted: June 1, 2020                                Decided: July 16, 2020

Before DIAZ, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Johnson, Eutawville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Katherine Hollingsworth Flynn, Assistant United States Attorney, Jamie L. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katie Reavely appeals the revocation of her supervised release and her consequent sentence of 18 months' imprisonment. We affirm.

In the fall of 2017, Reavely began a five-year term of supervised release for her participation in a bank fraud conspiracy. At first, Reavely was reportedly doing well on that release. However, on April 19, 2018, she was at a friend's home in Decatur, Georgia, when DeKalb County police officers executed a search warrant. The home was serving as a THC-edibles bakery business, with a plethora of signage and products. Police found approximately 1600 grams of marijuana, 1 gram of cocaine, various baked goods containing THC, and marijuana cigarettes. They also discovered two firearms. Video footage in the record captures the execution of the warrant and shows Reavely in the home.

In May 2018, Reavely's probation officer alleged four violations stemming from this occasion: (1) criminal conduct; (2) possession of a controlled substance (1 gram of cocaine, 1606.2 grams of marijuana, edible THC products, and marijuana cigarettes); (3) unlawful possession of a firearm; and (4) communication and interaction with persons known to be engaged in criminal activity. Reavely's alleged criminal conduct under Violation One included the following state felonies, with which she was charged: (1) three counts of purchase, possession, manufacturing, distribution, or sale of controlled substances; (2) two counts of possession of a firearm during the commission of or attempt to commit a crime; and (3) possession and use of drug related objects. With respect to Violation Four, the probation violation report noted that Reavely was suspected of doing accounting work for the THC-edibles bakery business, and that related ledgers and receipts

2

were found in her car.  At her revocation hearing, Reavely stipulated to Violations Two and Four: possession of the various controlled substances found and being with people known to be conducting criminal activity.

As admitted, Reavely committed a Grade A violation, meaning the court "shall revoke" her supervised release, or at least is advised to do so.  *See* 18 U.S.S.G. § 7B1.3(a)(1).  She faced a Guidelines range sentence of 12 to 18 months' imprisonment. Additionally, Reavely's possession of a controlled substance triggered § 3583(g), revocation provision that stripped the sentencing judge of discretion *not* to revoke her supervised release upon the finding of a drug-possession violation.  *See* 18 U.S.C. § 3583(g)(1) (the court "shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the [statutory maximum]" if the defendant "possesses a controlled substance").  The district court revoked Reavely's supervised release and sentenced her at the top of the Guidelines range to 18 months' imprisonment, to be followed by 24 months of supervised release.

On appeal, Reavely challenges for the first time the constitutionality of § 3583(g), both facially and as applied.  Reavely relies on *Haymond*, in which the Supreme Court struck down a different mandatory revocation provision, § 3583(k), for violating the Fifth and Sixth Amendments because it resembles criminal punishment for a new offense without any trial rights, rather than a sanction for breach of the court's trust.  *See generally United States v. Haymond*, 139 S. Ct. 2369 (2019).  Alternatively, she argues that her sentence should be vacated because it is plainly unreasonable, contending that it was (1) based on a clearly erroneous finding that she was involved in the THC-edibles bakery

3

business, and (2) longer than the sentence would be if she were criminally convicted for possession of a controlled substance.

First, we address Reavely's unpreserved constitutional challenge to § 3583(g), which we review de novo. *See United States v. Ide*, 624 F.3d 666, 668 (4th Cir. 2010). When a defendant does not preserve a constitutional challenge to a statute, we review the claim for plain error, applying the *Olano* factors: defendants must establish (1) an error, (2) that was plain, and (3) that affected their substantial rights. *See United States v. Webb*, 738 F.3d 638, 640–41 (4th Cir. 2013) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). Under the reasoning outlined in a related case, any constitutional error is not plain on appeal, so Reavely cannot meet the *Olano* plain error test. *See United States v. Coston*, __ F.3d __, __, No. 19-4242, 2020 WL 3956685, at *4–6 (4th Cir. July 13, 2020) (holding that the Supreme Court's 4-1-4 split in *Haymond* provides a factor-based test for unconstitutionality which § 3583(g) "likely does not meet" and, thus, that any unpreserved constitutional error was not plain).

Second, we cannot say that Reavely's sentence is plainly unreasonable. We will affirm a revocation sentence so long as it is "within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 437–40 (4th Cir. 2006). First, we determine whether the sentence is "unreasonable at all," either procedurally or substantively. *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). If it is not, we affirm; if it is unreasonable, we determine whether it is plainly so. *See United States v. Slappy*, 872 F.3d 202, 206–07 (4th Cir. 2017). We review the district court's factual findings for clear error. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

4

Although sentences that are within the Guidelines range, such as Reavely's, may be procedurally unreasonable if the court "fail[s] to adequately explain the chosen sentence," *see Gall v. United States*, 552, U.S. 38, 51 (2007), a district court has "broad discretion to impose a particular sentence" up to the statutory maximum when revoking supervised release, *see Thompson*, 595 F.3d at 547. Reavely is particularly concerned that the district court sentenced her based on an erroneous assumption that she was involved in the unlawful bakery business. But given that Reavely was present at the THC-edibles bakery business, admitted that she was working with her friend on a related Las Vegas venture, and concededly possessed approximately 1600 grams of marijuana, as well as the actual edible THC products, it was not clear error for the district court to find that Reavely was involved in the operation. The context of Reavely's admissions and video evidence of her presence at the home all corroborate a finding that she was involved.

Moreover, her argument that the sentence is longer than it would have been if she were criminally convicted for possession of a controlled substance is without merit. Reavely was sentenced for two violations of supervised release, not for possession of a controlled substance. Revocation sentences are "first and foremost considered sanctions for the defendant's 'breach of trust'—his 'failure to follow the court-imposed conditions' that followed his initial conviction—not 'for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct.'" *See Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment) (quoting U.S.S.G. ch. 7, pt. A, intro. cmt. 3(b) (Nov. 2018)).

5

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*