[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11986
Non-Argument Calendar

_____

D.C. Docket No. 2:00-cr-00170-ECM-SMD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRADLEY JOSEPH STEIGER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 23, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Bradley Steiger appeals the district court's denial of his motion requesting permission to travel pursuant to his supervised release conditions and the denial of his subsequent motion for reconsideration. First, he argues that the district court erred by failing to address his argument that it lacked jurisdiction to supervise him because his federal supervised release term has expired. Specifically, he argues that the Alabama Department of Corrections incorrectly calculated his release date from his state sentence, which had run concurrently to his federal sentence in this case, by failing to credit him for time that he spent in jail on his federal charges, and therefore, his federal supervised release term should have expired while he was still serving his state sentence. Second, he argues that the district court abused its discretion by denying his motion requesting permission to travel for employment. We address each claim in turn.

I.

We review *de novo* whether the district court has jurisdiction to supervise a defendant following his release from prison. *See United States v. Johnson*, 581 F.3d 1310, 1311 (11th Cir. 2009). A party may raise jurisdiction at any time during the pendency of the proceedings, including on appeal. *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998).

Pursuant to 18 U.S.C. § 3624(e), "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a

2

conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." *See United States v. Johnson*, 529 U.S. 53, 57, 59 (2000) ("Supervised release has no statutory function until confinement ends."); *United States v. Okoko*, 365 F.3d 962, 964, 967 (11th Cir. 2004) (recognizing that "Congress's intent under [§ 3624(e)] was to support the 'primary goal' of supervised release to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense" (quotation marks omitted)).

In *Johnson*, the Supreme Court addressed whether a prisoner's excess prison time, served for convictions that were later declared invalid, should be credited against his mandatory three-year term of supervised release under 21 U.S.C. § 841(b)(1)(C), thereby reducing its length. 529 U.S. at 54-55. Based on the text of the controlling statute, 18 U.S.C. § 3624(e), the Court held that a term of supervised release does not commence until an individual is actually released from prison, and thus, § 3624(e) does not automatically reduce the length of a supervised release term by reason of excess time served in prison. *Id.* at 57-60. The Court went on to observe that "[t]here can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term," and noted that, in such a circumstance,

3

district courts may exercise their discretion under § 3583(e) to modify the conditions or length of an individual's supervised release.  *Id.* at 60.

"[C]hallenges to the execution of a sentence . . . are properly brought under [28 U.S.C.] § 2241."  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (stating that a petition challenging a decision of the federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 783, 787-78 (11th Cir. 2004) (concluding that a state prisoner's challenge to his parole calculation was subject to both 28 U.S.C. § 2241 and § 2254); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (noting that a challenge to the Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus, is a matter for habeas corpus).

Here, Steiger's argument is premised on the calculation of his state sentence, and thus, to the extent that he is actually seeking a ruling in his criminal case that the state improperly calculated his state sentence, that argument was not properly raised in his federal criminal proceeding.  Nevertheless, even if Steiger could show that his state sentence was miscalculated such that he should have been released earlier, the district court would still have jurisdiction in this case because his term of supervised release did not commence until his actual release from prison.

II.

4

We review questions of jurisdiction, including mootness, *de novo*. *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1297 (11th Cir. 2018). We may raise a mootness issue *sua sponte* if not addressed by the parties. *Medberry v. Crosby*, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003).

Pursuant to Article III of the Constitution, our jurisdiction is limited to "cases" and "controversies." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). A case on appeal becomes moot, and ceases to be an active case or controversy, if events occur after the filing of the appeal that deprive us of the ability to give the appellant meaningful relief. *Id.* at 1189-90 (holding that a case or controversy must exist at all stages of review). Mootness is jurisdictional and must be resolved before the merits of the case. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (quotation marks omitted).

Steiger's appeal of the district court's denial of his motion requesting permission to travel for employment is moot because, after briefing in this appeal, the district court granted his subsequent motion requesting the same permission. Thus, a ruling in Steiger's favor would provide no meaningful relief, and we lack jurisdiction on this ground.

**AFFIRMED IN PART, DISMISSED IN PART.**