(55 Misc. Rep. 639.)

### PEOPLE ex rel. SULLIVAN v. FLYNN, Warden.

(Supreme Court, Special Term, New York County. August, 1907.)

**1. CRIMINAL LAW—SUSPENSION OF SENTENCE—POWERS OF COURT.**

The power to suspend sentence is resident within such courts as that of General Sessions as an inherent right, and statutes conferring the power on courts of record having criminal jurisdiction are to be treated as recognizing this judicial function, and not trespassing upon the pardoning power, and are valid exercise of legislative power.

**2. SAME—REPEAL OF STATUTE.**

Code Cr. Proc. § 470a, providing that, where judgment is suspended after conviction, the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced, was not repealed by Laws 1905, p. 1666, c. 655, amending Code Cr. Proc. § 11a, relating to probation officers.

**3. SAME—REVOCATION OF SUSPENSION—SENTENCE.**

Defendant was convicted of assault in the second degree, and might have been sentenced for five years, but the sentence was suspended. Within that period he was twice convicted of misdemeanor and fined, and once

convicted of robbery in the second degree and sentenced for two months. *Held*, that the court in which he was first convicted could, on the expiration of the two months, revoke suspension of sentence and inflict punishment.

Application by the people, on the relation of Daniel Sullivan, for writ of habeas corpus to one Flynn, as warden. Writ denied.

Fisher-Hansen & Michaelson, for relator.
William Travers Jerome, for respondent.

McCALL, J. On the 6th of March, 1901, the relator herein was convicted in the Court of General Sessions (at a trial presided over by Judge Foster) of assault in second degree. He was not sentenced, however, and from the records certified to me in the present proceedings it is shown that he was "discharged from custody; sentence being suspended." Thereafter, and on December 31, 1902, and July 2, 1903, respectively, he was convicted of assault in third degree in the Court of Special Sessions and sentenced in each instance to the payment of a fine. On April 16, 1907, in the Court of General Sessions, the relator was again convicted of robbery in the second degree and sentenced to the penitentiary for a term of two months. At the expiration of the last inflicted sentence he was arraigned before Judge Foster in the Court of General Sessions for the purpose of imposing judgment on the conviction obtained March 6, 1901, which, at that time, had been suspended. On the arraignment the suspension of sentence was revoked and judgment passed, and the relator was sentenced to state prison for a term within a fixed period. This writ was then obtained, and the only question presented is: Was the judge who first suspended judgment, and then revoked suspension and inflicted punishment, clothed with the power and authority so to do?

This power of suspending sentence is resident within such courts as that of the General Sessions as an inherent right (People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386), and statutes which by precise terms confer the power upon courts of record having criminal jurisdiction are to be treated as recognizing this inherent judicial function, and are to be regarded as not invasive of or trespassing upon the pardoning power, which in this state is vested solely in the Governor, and are, therefore, when enacted, valid and legitimate exercises of legislative power under the Constitution. People ex rel. Forsyth v. Court of Sessions, supra. By section 470a of the Code of Criminal Procedure it is provided:

"If the judgment be suspended after a plea or verdict of guilty or after a verdict against the defendant upon a plea of a former conviction or acquittal the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced; but not after the expiration of such period, unless the defendant shall have been convicted of another crime committed during such period."

There is no question that under the conviction of March 6, 1901, the relator could not have been sentenced for a term exceeding five years, and it would seem that the above-quoted statute would seek to limit the exercise of the judicial function on that conviction within that time, "unless the defendant shall have been convicted of another

crime during such period." This record shows that this relator was twice convicted of crime within the "period," and this fact would work by the terms of the statute itself an abrogation of the limitation, if, indeed, such provision of limitation can be said to have any force.

Some stress is laid upon the contention by the relator that section 470a of the Code of Criminal Procedure was repealed (by implication) in the enactment of the subsequent statute known as chapter 656, p. 1666, Laws 1905. With such an assertion I cannot agree. This statute was what might be called the initiative step in the establishment of the beneficent feature in our criminal procedure of probation, through which the erring, in the exercise of a wise discretion by the judge presiding, are to be given an opportunity of reclaiming or retrieving themselves under given conditions and regulations. The power with which section 470a of the Code deals, always present in the court, even without statutory enactment, is an altogether different proposition, standing by itself, separate and apart from the probationary feature of the later statute, so it cannot be said that chapter 656, p. 1666, Laws 1905, was plainly intended to cover the whole subject embraced by both of these enactments or to prescribe the only rules in respect to the subjects involved that are to govern. Therefore section 470a of the Code was not by implication repealed by chapter 656, p. 1666, of the Laws of 1905. Tracy v. Tuffly, 134 U. S. 206, 10 Sup. Ct. 527, 33 L. Ed. 879.

On the question that the court did not have before it, when sentence was inflicted on the relator, the evidence of his other convictions, it is sufficient, in so far as this court is concerned, to refer to People ex rel. Tully v. Fallon, 73 App. Div. 471, 77 N. Y. Supp. 292, to dispose of that feature of the case.

Therefore the conclusion is that the judge, who revoked the suspension and imposed the deferred judgment, was acting in the full exercise of his undoubted authority; and the writ must be dismissed and prisoner remanded.