BENTON, Judge,
dissenting.
On January 13, 1982, the trial judge entered a final order containing the following language pertinent to this appeal: The defendant having been on November 24, 1981, found guilty of Possession of heroin, a Schedule I controlled substance, ... the Court doth now suspend the imposition of sentence in this case during the defendant’s good behavior conditioned that he be placed on supervised probation; that he enter and complete the Willow Oaks DrugAlcohol Treatment Program; and that he pay his costs of Court. That final conviction order did not specify either the period of suspension or the period of probation.
In a criminal case, the entry of the final conviction order is the event from which various statutory time provisions are measured. See Rule 1:1; Coffey v. Commonwealth, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969); Russnak v. Commonwealth, 10 Va. App. 317, 324, 392 S.E.2d 491, 494-95 (1990). The legislature has specified that “if neither a probation period nor a period of suspension has been prescribed” in the sentencing order, the trial judge may revoke the suspension only for cause that occurred “within the maximum period for which the defendant might originally have been sentenced to be imprisoned.” Code § 19.2-306. See also Carbaugh v. Commonwealth, 19 Va.App. 119, 123-24, 449 S.E.2d 264, 266 (1994). The statute’s “purpose to limit the period within which the suspension order can be revoked is manifest.” Richardson v. Commonwealth, 131 Va. 802, 811, 109 S.E. 460, 463 (1921). Furthermore, the period must be measured from *346 the date of entry of the order. See Coffey, 209 Va. at 763, 167 S.E.2d at 345.
The cause in this case for which the trial judge revoked the suspension occurred on May 26, 1993, more than ten years (the maximum period for which Briggs could have been sentenced for heroin possession) beyond the January 13, 1982 sentencing date. Thus, the trial judge acted beyond the period authorized by the statute.
Code § 19.2-303.1 has no bearing on the issue raised by this appeal. The trial judge never fixed a period of suspension. Thus, a necessary condition for invoking Code § 19.2-303.1 never existed. Moreover, I perceive no logical or statutory basis in Code § 19.2-303.1 upon which to construct, as does the majority, a scheme that would allow the trial judge to add ten year periods of suspension ad infinitum each time a revocation occurred. That power would exceed the legislature’s clear mandate that if neither a period of probation nor a period of suspension has been fixed, the cause that gives rise to the trial judge’s power to revoke the suspension must occur “within the maximum period for which the defendant might originally have been sentenced to be imprisoned.” Code § 19.2-306.
The Supreme Court of Virginia has stated that the trial judge’s authority to revoke suspensions is limited and not absolute. “In this State the matter is regulated by statute.” Richardson, 131 Va. at 809, 109 S.E. at 462. Moreover, the Supreme Court long ago acknowledged that the clear legislative “intention was to prescribe and limit the power of the court.” Id. at 812, 109 S.E. at 463. The holding in this case extends the trial judge’s authority far beyond the legislatively proscribed limits.
For these reasons, I would reverse the order as being beyond the trial judge’s lawful authority to revoke the January 13, 1982 suspension.