COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Beales and Raphael
Argued at Norfolk, Virginia

PUBLISHED

DUSTIN LEE HAMILTON

v.        Record No. 1367-22-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
FEBRUARY 6, 2024

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Victoria Johnson, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General; Andrew T. Hull, Assistant Attorney
General, on brief), for appellee.

At a probation revocation hearing in August 2022, Dustin Hamilton was found to be in

violation of the terms of his probation. The trial court revoked Hamilton's previously suspended

sentence, and then resuspended a portion of that previously suspended sentence. The trial court

also placed Hamilton back on supervised probation, and it added a new twenty-year period of

good behavior. On appeal, Hamilton argues, "The trial court erred in finding that it had

jurisdiction to revoke Mr. Hamilton's previously suspended sentences." Hamilton also argues,

"The trial court erred in returning Mr. Hamilton to supervised probation" and "in ordering

Mr. Hamilton to be of good behavior for twenty (20) years."

I. BACKGROUND

On appeal, "we will view the evidence received at the revocation hearing in the light

most favorable to the Commonwealth, as the prevailing party, including all reasonable and

legitimate inferences that may properly be drawn from it." *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013).

In 2006, Hamilton was found guilty of three counts of distribution of marijuana for offenses that took place during September 2005. On August 11, 2006, the trial court sentenced Hamilton to fifteen years of imprisonment with fourteen years and four months suspended. Specifically, Hamilton was sentenced to five years of imprisonment for each conviction. Hamilton was placed on supervised probation for an indeterminate period and was also ordered to be of good behavior for an indeterminate period.

In 2008, Hamilton pleaded guilty to violating the terms of his probation by absconding, failing to pay restitution, and failing to maintain contact with his probation officer. The trial court revoked Hamilton's previously suspended sentence of fourteen years and four months, and it resuspended thirteen years and ten months of that sentence. Hamilton was again placed on supervised probation for an indeterminate period and was also ordered to be of good behavior for an indeterminate period.

In 2010, Hamilton's probation officer filed a second major violation report stating that Hamilton had acquired new criminal charges and that he had failed to notify his probation officer of these new charges. In addition, the violation report detailed that Hamilton was absconding and that he had failed to report to probation. The trial court found that Hamilton violated the terms of his probation again, and the trial court then revoked Hamilton's previously suspended sentence of thirteen years and ten months. The trial court then resuspended twelve years and ten months of that sentence "on the same conditions as contained in the previous sentencing order of this Court."

In 2014, Hamilton was convicted of robbery, and, on November 18, 2014, he was sentenced to fifteen years of imprisonment with ten years suspended for a period of suspension

of twenty years. The trial court also found that Hamilton had violated the terms of his probation for the third time because he had acquired this new robbery conviction. The trial court revoked the twelve years and ten months of the suspended sentence for his underlying convictions from 2006. It then resuspended ten years and ten months of that sentence "on the same conditions as contained in the previous sentencing order," and it also placed Hamilton on supervised probation "for three (3) additional years."

In 2022, Hamilton's probation officer filed a fourth major violation report alleging that Hamilton had failed to report to probation and that Hamilton had tested positive for Fentanyl in September and November 2021. At the probation revocation hearing, Hamilton pleaded guilty to both probation violations, but he later moved to set aside the circuit court's verdict. In his motion to set aside the verdict, Hamilton cited the 2021 amendments to Code § 19.2-306, and he argued, "Any sentence for a probation violation after July of 2021 for the Possession with the Intent to Distribute Marijuana charge from 2006 could not be imposed after 2016 because the 'period of probation' is limited to the maximum period for which the defendant might have been imprisoned."[1] He then argued, "Since Mr. Hamilton was sentenced more than ten years ago, this court lacks subject matter or active jurisdiction over the defendant and any violation filed after July 1, 2021."

The trial court rejected Hamilton's argument, and it determined that it still had jurisdiction over Hamilton's previously suspended sentence. According to the September 20, 2022 revocation order, the trial court revoked a total of twenty years and ten months of the previously suspended sentence (combining the ten years and ten months of the suspended sentence remaining from the 2006 convictions with the ten years of the suspended sentence from

---

[1] The record actually shows that Hamilton was previously convicted of a Class 5 felony for each of his Distribution of Marijuana convictions. *See* Code § 18.2-248.1(a)(2). A Class 5 felony, both today and in 2006, carries a maximum sentence of ten years of imprisonment. *See* Code § 18.2-10(e).

the 2014 robbery conviction), and it then resuspended a total of eighteen years and six months, giving him an active sentence of two years and four months. In addition, the trial court ordered, "Sentence suspended on the same conditions as contained in the previous sentencing order of this Court with the following additions or changes: 1. Good behavior. The defendant shall be of good behavior for twenty (20) years." The trial court also placed Hamilton on supervised probation for an indeterminate period. Hamilton now appeals.

II. ANALYSIS

*A. The trial court's jurisdiction over Hamilton's suspended sentence*

On appeal to this Court, Hamilton argues, "The trial court erred in finding that it had jurisdiction to revoke Mr. Hamilton's previously suspended sentences." Specifically, Hamilton argues that, under the 2021 amendments to Code § 19.2-306(C), the trial court lost jurisdiction over his previously suspended sentence on August 11, 2016 because his 2006 convictions only resulted in a period of suspension for that suspended sentence of ten years. Hamilton contends that the trial court here erred when it combined the maximum possible sentences of his three 2006 convictions to calculate the period of suspension for Hamilton's previously suspended sentence.

This appeal requires us to interpret Code § 19.2-306 to determine whether the trial court had jurisdiction to revoke and resuspend Hamilton's suspended sentence. A trial court's decision to revoke a suspended sentence "will not be reversed unless there is a clear showing of abuse of discretion." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). However, "[t]he question of the authority of the trial court to revoke appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012).

- 4 -

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)).  The Supreme Court has stated, "When a trial judge suspends a sentence, however, he does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform." *Richardson v. Commonwealth*, 131 Va. 802, 810 (1921).  "It is the free gift of the Commonwealth, and not a contract to relieve him from the punishment which fits his crime." *Id.*  The Supreme Court has consistently reiterated, "[P]robation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019) (quoting *Grant v. Commonwealth*, 223 Va. 680, 684 (1982)).  In addition, the Supreme Court has directed that "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." *Grant*, 223 Va. at 684.

After a defendant has been convicted of a criminal offense, the trial court "may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303.  Code § 19.2-303.1 sets the trial court's jurisdictional time limit over the defendant's suspended sentence – referred to as the "period of suspension."  This statute states, "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-303.1.  If a trial court does not explicitly fix a period of suspension for the defendant's suspended sentence, then the period of suspension is "the maximum period for which the defendant might originally have been sentenced to be

imprisoned." Code § 19.2-306(A). Under the 2021 amendments to Code § 19.2-306(C), "The court shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order."

If a defendant violates the terms of his suspended sentence during the period of suspension, then Code § 19.2-306(C) authorizes the trial court to "revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." According to the amendments to Code § 19.2-306(C), when the trial court issues this new sentence after finding that the defendant violated the terms of his suspended sentence, "[t]he court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C).

Here, Hamilton was found guilty of three counts of distribution of marijuana for offenses that took place in September 2005. On August 11, 2006, Hamilton was sentenced to a total of fifteen years of imprisonment with fourteen years and four months suspended for those convictions. While Hamilton was given a sentence of five years of imprisonment for each of his three underlying convictions, he could have been sentenced to a maximum of ten years of imprisonment for each of those convictions. *See* Code §§ 18.2-10(e) and 18.2-248.1(a)(2). In addition, Hamilton would have served those three sentences consecutively because Code § 19.2-308 requires, "When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Given that the August 11, 2006 sentencing order does not indicate that the sentences for Hamilton's three underlying convictions must run concurrently, the sentences for these three convictions must be served consecutively under Code § 19.2-308. Furthermore, because the August 11, 2006 sentencing order did not fix a period of suspension for the suspended sentence,

- 6 -

the period of suspension for Hamilton's suspended sentence is "the maximum period for which the defendant might originally have been sentenced to be imprisoned."  Code § 19.2-306(A).  Consequently, because Hamilton's three underlying sentences would run consecutively and because Hamilton's underlying offenses each have a maximum possible sentence of ten years of imprisonment, "the maximum period for which the defendant might originally have been sentenced to be imprisoned" is thirty years of imprisonment.  *Id.*  Therefore, Hamilton has a thirty-year period of suspension on the suspended sentence for his three August 11, 2006 convictions for distribution of marijuana.  Given that the trial court must measure the period of suspension "from the date of the entry of the original sentencing order," the period of suspension (and therefore the trial court's jurisdiction) over these three convictions will be in effect until August 11, 2036.  Code § 19.2-306(C).

By combining the maximum sentences that Hamilton could have received for each respective conviction, the trial court was simply calculating "the maximum period for which the defendant might originally have been sentenced to be imprisoned."  Code § 19.2-306(A).  Furthermore, this Court has already recognized that a trial court may combine the maximum potential sentences from a defendant's multiple underlying convictions in order to calculate the period of suspension when all of those convictions arose out of the same case.  *See Davis v. Commonwealth*, 70 Va. App. 722, 733 n.3 (2019) (applying Rule 3A:6(b) to combine the maximum sentences of two convictions that were tried together but were given separate sentencing orders).  Indeed, the trial court would have certainly been authorized to order Hamilton to serve an *active* sentence consisting of three ten-year sentences that ran consecutively.  *Cf. Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) ("[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum,

the sentence will not be overturned as being an abuse of discretion." (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007))).

We also note that the trial court's jurisdiction in this case is not changed by the fact that Hamilton has already served a portion of his suspended sentence. Unlike the suspended sentence itself, the *period* of suspension is not affected by the amount of time that a defendant actively serves in prison. While a trial court must, of course, reduce the remaining time of the suspended sentence as the defendant actively serves that time, the period of suspension does not get reduced as the defendant actively serves these portions of his suspended sentence. *See* Code § 19.2-306(C). For example, if the trial court here had originally sentenced Hamilton to thirty years of imprisonment (with sixteen years of active imprisonment and with fourteen years suspended), the trial court would not lose jurisdiction over Hamilton's fourteen-year *suspended* sentence once Hamilton had served more than fifteen years of *active* imprisonment. If the period of suspension were reduced as the defendant actively served time, then a trial court would always lose jurisdiction over a defendant's suspended sentence when that defendant had served enough active time that was more than half of his period of suspension. Consequently, given that Hamilton's thirty-year period of suspension began on August 11, 2006 and given that a trial court must "measure the period of any suspension of sentence from the date of the entry of the original sentencing order," the trial court will lose jurisdiction over Hamilton's suspended sentence on August 11, 2036 – regardless of how much time Hamilton actively serves of that previously suspended sentence. Code § 19.2-306(C).

In short, the trial court still has jurisdiction to revoke the remaining ten years and ten months of Hamilton's previously suspended sentence from his 2006 convictions, impose two years and four months of that sentence as it did, and then resuspend eight years and six months. Therefore, we cannot say that the trial court erred when it ordered Hamilton to serve a portion of

his previously suspended sentence.  In addition, given that the trial court had jurisdiction to revoke and resuspend Hamilton's previously suspended sentence, the trial court also had jurisdiction to place Hamilton back on supervised probation.  Consequently, we also cannot say that the trial court erred when it ordered Hamilton to be returned to supervised probation upon his release from prison.

*B.  Hamilton's new good behavior requirement*

While the trial court correctly determined that it had jurisdiction over Hamilton's suspended sentence, the trial court erred when it added a new requirement that Hamilton be of good behavior for an additional twenty years.  In its September 20, 2022 order, the trial court revoked Hamilton's previously suspended sentence and then resuspended a portion of that sentence – none of which is a problem.  The order then states, "Sentence suspended on the same conditions as contained in the previous sentencing order of this Court with the following *additions or changes*:  1. Good behavior.  The defendant shall be of good behavior for twenty (20) years."  (Emphasis added).  The Supreme Court has consistently stated, "It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *Davis v. Mullins*, 251 Va. 141, 148 (1996).  Therefore, this Court must read the September 20, 2022 order to mean that the trial court has now added a new twenty-year period of good behavior because the order actually says that this condition is one of the "additions or changes."

Code § 19.2-306(A) allows a trial court to revoke a defendant's suspended sentence if the defendant violates the terms of his probation or suspended sentence "within the period of suspension."  Effective July 1, 2021, the General Assembly amended the statute to make clear that "[t]he court shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order."  Code § 19.2-306(C).  This Court has previously explained that "once that period of suspension expires the defendant is no longer subject to

- 9 -

having the suspension revoked." *Carbaugh v. Commonwealth*, 19 Va. App. 119, 126 (1994). As noted *supra*, the period of suspension for Hamilton's 2006 convictions ends on August 11, 2036. In addition, Hamilton's November 18, 2014 sentencing order for his robbery conviction expressly provided for a twenty-year period of suspension. Given that the trial court must now measure the period of suspension "from the date of the entry of the original sentencing order," the period of suspension for Hamilton's 2014 robbery conviction will end on November 18, 2034. Code § 19.2-306(C). However, the new twenty-year period of good behavior in the September 20, 2022 order will not expire until September 20, 2042 – which clearly ends well after both of the respective periods of suspension. Consequently, the trial court entered an order beyond a period that the recently amended statute allows the trial court to enforce it. Therefore, the trial court erred by ordering Hamilton to be of good behavior for twenty additional years because the trial court will lose jurisdiction over both of Hamilton's suspended sentences long before that new twenty-year period requiring good behavior ends.

### III. CONCLUSION

In short, the trial court did not err in determining in its September 20, 2022 order that it still had jurisdiction over Hamilton's suspended sentence. The period of suspension for Hamilton's suspended sentence that was entered by order on August 11, 2006 will end on August 11, 2036 because he could have originally been sentenced to a maximum of thirty years of imprisonment. The trial court explicitly stated that the period of suspension for his suspended sentence for his 2014 robbery conviction is twenty years, and it therefore ends on November 18, 2034. Therefore, on September 20, 2022, the trial court was well within the period of suspension for either of Hamilton's previously suspended sentences and certainly had jurisdiction then to revoke his previously suspended sentence, impose two years and four months of active incarceration, and resuspend the remainder of that previously suspended sentence. Furthermore, the trial court also did

- 10 -

not err when it ordered Hamilton to be returned to supervised probation upon his release from confinement. Consequently, we affirm the trial court's decision to revoke Hamilton's suspended sentence, to impose an active sentence of two years and four months, to resuspend the remainder of that previously suspended sentence, and to have Hamilton returned to supervised probation upon his release from incarceration. However, we hold that the trial court erred in ordering that Hamilton be of good behavior for an additional twenty years from the date of the trial court's September 20, 2022 order until September 20, 2042. We must reverse that requirement in the trial court's order because the trial court will lose jurisdiction over a large portion of that time requiring good behavior no later than August 11, 2036, and the General Assembly has been clear that a court does not have authority to impose requirements for a suspended sentence when the period of suspension for that suspended sentence has expired.

For all of these reasons, we uphold the judgment of the trial court, except that we remand to the trial court only for it to correct its September 20, 2022 order regarding the good behavior requirement.

*Affirmed in part, and reversed and remanded in part.*