Present: All the Justices

VERNON EUGENE HANNAH

                                       OPINION BY
v. Record No. 230316                    JUSTICE THOMAS P. MANN
                                     APRIL 18, 2024

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Upon consideration of the record, briefs, and argument of counsel, for the reasons set forth below, this Court affirms the judgment of the Court of Appeals.

## I. BACKGROUND

### A. Hannah's Probation Revocation

On February 13, 2017, Vernon Eugene Hannah was convicted of one felony count of forging a public record and one misdemeanor count of providing false information to a law enforcement officer. Hannah was sentenced to five years of incarceration with two years suspended for the felony, and twelve months of incarceration with eight months suspended for the misdemeanor.

The circuit court partially suspended Hannah's sentences on the condition of good behavior, compliance with urine screens, payment of costs, and supervised probation. It specified that Hannah's probation was to last for an "indeterminate period, a minimum of two years supervised," with Hannah to be released thereafter at the discretion of the Probation Officer. Probation Condition 8 prohibited Hannah from unlawfully using, possessing, or distributing controlled substances or paraphernalia.[1]

---

[1] Despite this condition, Hannah's probation officer confirmed that Hannah was permitted to use marijuana.

Hannah was released from prison on May 6, 2020, and began his probation soon thereafter. On March 25, 2021, Hannah tested positive for controlled substances. A drug screening revealed that Hannah had ingested alcohol, fentanyl, opiates, and THC.[2] For the rest of the year, Hannah continued to test positive for certain controlled substances. Tests from July, September, and December 2021 were positive for various combinations of alcohol, fentanyl, methadone, opiates, and THC. Tests from January, February, and March 2022 were positive for alcohol, fentanyl, and THC. In light of these positive screens, Hannah's probation officer requested that the circuit court issue a rule to show cause. The circuit court entered the rule to show cause on February 8, 2022, requiring Hannah to appear and "show cause why [he] should not be fined and/or imprisoned for violation of probation."

Hannah's probation revocation hearing was held in circuit court on May 2, 2022. Hannah pleaded not guilty to violating Condition 8, arguing that, apart from the time he took unprescribed Percocet to treat dental pain, he had only used marijuana. If the court were to find a probation violation, Hannah argued it should only do so under the felony conviction, as Hannah's probation period for the misdemeanor had already ended.

The circuit court found Hannah guilty of violating the terms of his probation on both the felony and misdemeanor convictions, revoked the suspended sentences for both, and resuspended the sentences for the same period of supervised probation, this time adding new special conditions.[3] As a result, Hannah was again placed on indefinite supervised probation.

---

[2] Tetrahydrocannabinol ("THC") is a terpenoid compound that is the principal psychoactive constituent of cannabis.

[3] When pronouncing its judgment, rather than addressing the misdemeanor probation which had arguably expired, the circuit court told the parties, "I think it's going to wind up settling itself later on if it gets down to a situation where [Hannah] is going to jail for eight months, but that's not today."

B.  July 2021 Changes to the Commonwealth's Probation Regime

In 2017, when Hannah was initially sentenced, the Commonwealth employed a substantially different probation regime than what was in existence at the time of sentencing on the probation violation.  Under the laws in force in 2017, courts were free to suspend sentences for "a reasonable period of time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced."  Code § 19.2-303.1 (as enacted, 1982).

In April 2021, the General Assembly amended and reenacted Code § 19.2-303.1 and § 19.2-306.  2021 Acts ch. 538 (Spec. Sess. I).  These changes became effective on July 1, 2021. Code § 19.2-303.1 was changed as follows,

> In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned. The limitation on the period of suspension shall not apply to the extent that an additional period of suspension is necessary for the defendant to participate in a court-ordered program.

Similarly, the amended Code § 19.2-306(C) provides, in pertinent part, that when courts resuspend defendants' sentences, they may do so "for a period up to the statutory maximum for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation."  Under Code § 19.2-306(C), "court[s] shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order."[4]  These amended statutes were in force during Hannah's May 2022 probation revocation hearing.

---

[4] The entirety of Code § 19.2-306(C) reads,

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and

3

C.  Proceedings Before the Court of Appeals

Hannah appealed the reimposition of his suspended sentence to the Court of Appeals on two grounds, (1) challenging the circuit court's jurisdiction to the hold the probation revocation hearing, and (2) challenging the sufficiency of the Commonwealth's evidence.

The Court of Appeals affirmed the judgment of the circuit court.  *Hannah v. Commonwealth*, Record No. 0700-22-1, 2023 Va. App. LEXIS 209, at *14-15 (Va. Ct. App. Apr. 4, 2023).  First, it concluded that the amended Code sections did not divest the circuit court of subject matter jurisdiction to hear the revocation proceeding, as the revocation was part of the court's jurisdiction over criminal matters generally.  *Id.* at *11.  It then explained that since jurisdiction was proper, challenges to the timeliness of the order needed to be preserved below to be properly before the Court of Appeals.  *Id.*  The Court of Appeals further concluded that Hannah's argument was not preserved, and therefore it was procedurally defaulted per Rule 5A:18 and Rule 5A:20.  *Id.*  As well, the Court of Appeals determined that Hannah's sufficiency argument was procedurally defaulted under Rule 5A:18, as Hannah never argued at the probation revocation hearing that his use of drugs was inadvertent.  *Id.* at *14.

Hannah appealed to this Court, assigning error to both of the Court of Appeals' procedural default determinations as well as its conclusion that the new statutory amendments did not impact the circuit court's subject matter jurisdiction.  In granting the petition, this Court

impose a sentence in accordance with the provisions of § 19.2-306.1.  The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation.  The court shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order.  However, if a court finds that a defendant has absconded from the jurisdiction of the court, the court may extend the period of probation or suspended sentence for a period not to exceed the length of time that such defendant absconded.

directed parties to also address "whether the final order imposed a period of suspension in excess of that allowed by Code § 19.2-306(C), and if so, whether that renders the order voidable or void ab initio." Order Granting Petition for Writ, Record No. 230316 (Oct. 27, 2023).

## II. ANALYSIS

Probation is purely a creature of statute, a policy choice shaped by the General Assembly and administered through the courts. *Richardson v. Commonwealth*, 131 Va. 802, 810 (1921). Courts have no inherent authority to suspend the execution of sentences or to impose probation conditions outside the parameters of the Virginia Code. *Id.* As probation is an act of grace, this Court has liberally construed probation statutes to allow courts to achieve probation's remedial purpose, affording courts the latitude to rehabilitate the offenders before them. *Berry v. Commonwealth*, 200 Va. 495, 498 (1959); *Richardson*, 131 Va. at 810; *Dyke v. Commonwealth*, 193 Va. 478, 484 (1952). Within the bounds prescribed by the General Assembly, trial courts have discretion to assign terms to a suspended sentence, and in the event of a violation, revoke it. *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004).

### A. The Distinction Between Void Ab Initio and Voidable Judgments

Hannah argues that the circuit court's May 2022 order revoking and resuspending his sentence was void ab initio under the 2021 statutory amendments. He supports this contention on two bases, (1) that the order was void ab initio because it resuspended his sentence for a period in excess of the limits contained in Code § 19.2-306(C), and (2) that the order was void ab initio because the amended Code § 19.2-303.1 divested the court of subject matter jurisdiction to hold the revocation hearing.

A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all. *See United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270

5

(2010).  It is a legal nullity from which no rights can be created or divested, binding no one and barring no one.  *Anthony v. Kasey*, 83 Va. 338, 340 (1887); *Wade v. Hancock*, 76 Va. 620, 626 (1882).  This Court has recognized five circumstances that may give rise to judgments which are void ab initio: when "(1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure."  *Watson v. Commonwealth*, 297 Va. 347, 350 (2019).  Objections to void ab initio judgments may be raised by any party in the case at any point during a valid direct or collateral proceeding where the voidness of the order is properly at issue, including by a court for the first time on appeal.  *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021).  The question of whether Hannah's probation revocation order was void ab initio is therefore properly before us.

Void ab initio orders, however, stand in contrast to *voidable* orders, which are actions taken by a court in error but within the bounds of its authority.  *Singh v. Mooney*, 261 Va. 48, 51 (2001).  Voidable judgments are more common and usually involve a court's failure to comply with precedent or an applicable statute.  *Jones v. Commonwealth*, 293 Va. 29, 47 (2017).  Like any ordinary legal error in a proceeding below, objections to voidable errors must be preserved and brought before courts of appeal pursuant to our procedural Rules.  *Id.* at 46-47.

1.  Code § 19.2-306(C)

Before addressing the arguments to which Hannah assigns error, we will first examine the question this Court tasked the parties with answering, "whether the final order imposed a period of suspension in excess of that allowed by Code § 19.2-306(C), and if so, whether that renders the order voidable or void ab initio."  Code § 19.2-306(C), effective July 1, 2021, provides that a court may resuspend sentences "for a period up to the statutory maximum period for which the

6

defendant might originally have been sentenced to be imprisoned, less any time already served." Since Hannah's indefinitely resuspended sentences exceed the maximum sentencing periods for his felony and misdemeanor convictions, he argues the circuit court's resuspension order is void ab initio. Code §§ 18.2-10(d), 18.2-168, 19.2-82.1, 18.2-11.

In *Rawls v. Commonwealth,* 278 Va. 213, 221 (2009), we held that a sentencing order which exceeded the limits of a prescribed statutory range was void ab initio because the court lacked the power to render a judgment of that character. This ruling comports with Chief Justice Marshall's observation that "the power of punishment is vested in the legislative, not in the judicial department." *United States v. Wiltberger*, 18 U.S. 76, 95 (1820). As the General Assembly circumscribes our courts' power to punish, once a court imposes the greatest sentence statutorily authorized, the court's power is "exhausted," and it may punish no more. *Commonwealth v. Watson*, 297 Va. 355, 361 (2017). Hannah invites us to extend the logic of *Rawls* beyond initial sentencings to revocation proceedings and resuspensions in a Code § 19.2-306(C) proceeding.

Judicial restraint dictates that we decide our cases on the best and narrowest grounds available to us, favoring dispositions tailored to the facts before us over broad pronouncements of law.[5] *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020). Given that the probation statute's reenactment occurred during Hannah's alleged drug use, the facts here necessarily present the threshold question of which version of the law was applicable to Hannah's probation violation

---

[5] Although we decide this issue on narrow grounds, we acknowledge that a resuspension is fundamentally distinct from the initial act of sentencing following a criminal conviction. *Grant v. Commonwealth*, 223 Va. 680 (1982). The penalty imposed for a probation violation is not a new sentence but an event in the same criminal proceeding, a continuation of the original sentence with modifications tailored to the defendant's needs in the present moment. *See Green v. Commonwealth*, 263 Va. 191 (2002).

7

proceedings, and whether Code § 19.2-306(C) can be applied retroactively to conduct occurring before July 2021.  Such questions are reviewed de novo.  *Virginia Elec. & Power Co. v. State Corp. Comm'n*, 300 Va. 153, 161 (2021).

"The general rule is that statutes are to be construed to operate prospectively only unless a contrary intention is manifest and plain."  *Town of Culpeper v. Virginia Elec. & Power Co.*, 215 Va. 189, 194 (1974).  "Absent an express manifestation of intent by the legislature, this Court will not infer the intent that a statute is to be applied retroactively."  *City of Charlottesville v. Payne*, 299 Va. 515, 528-29 (2021).  Buttressing this principle of statutory interpretation, Code § 1-238 instructs that when statutes or provisions are "reenacted," the changes are "effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date."

For criminal sentencing, courts should apply the penalty in existence at the time of the commission of the underlying offense.[6]  Code § 1-239; *Ruplenas v. Commonwealth*, 221 Va. 972, 978 (1981).  Code § 19.2-306(C) was reenacted effective July 1, 2021, and therefore is presumed to operate prospectively, applying only to conduct occurring after that date.  Hannah provides no statutory argument as to why the language of Code § 19.2-306(C) "expressly provides" that it should apply retroactively to probation violations occurring before July 2021.  Hannah first tested positive for illegal narcotics on March 25, 2021, three months before the

---

[6] Hannah's brief correctly observes that procedural and remedial statutes are the exception to this Court's strong presumption against retroactivity.  *Virginia Elec. & Power Co.*, 300 Va. at 165 (2021) (holding that the presumption against retroactivity is "somewhat relaxed" for remedial and procedural statutes).  Code § 1-239, however, treats those statutes governing "penalty, punishment, and forfeiture" as conceptually distinct from those governing "proceedings" for purposes of retroactivity.  Moreover, it seems unlikely to us that something can be a mere remedial or procedural statute when its violation results in a punishment so beyond the court's authority that it renders the judgment void ab initio.

8

effective date of the amendments to Code § 19.2-306(C). On that day, the punishment applicable to Hannah's probation violation was subject to the provisions of the previous version of Code § 19.2-306(C), which allowed the circuit court to resuspend Hannah's sentence for "a reasonable period of time" and "without regard to the maximum period for which the defendant might have been sentenced."

If the penalty at the time of the proceeding applied, as Hannah suggests it should, "two or more offenses occurring at the same time could conceivably receive different penalties depending upon fortuitous circumstances as to when the cases come to trial." *Ruplenas*, 221 Va. at 978. While we acknowledge that most of Hannah's positive drug tests occurred after the amended statute's effective date, *Ruplenas*' bright line rule is not a balancing test. The Commonwealth could have sought a revocation and indefinite resuspension solely based upon the first March 2021 positive drug test. Hannah's March 2021 positive drug screen and associated rule to show cause requires us to apply the law in effect at the time of the offense. *Id.* The Commonwealth could have elected to proceed under the amended regime, but it did not do so. Code § 1-239; *c.f. Commonwealth v. Delaune*, 894 S.E.2d 846, 850 (2023). Accordingly, we hold that Hannah's indefinite resuspension was lawful on these facts. Because the penalty applied was the penalty in existence at the time of the offense, the judgment was of a character the court was able to render.

### 2. Code § 19.2-303.1

In a similar vein, Hannah argues that the amended Code § 19.2-303.1 retroactively shortened the period of review for probation revocations. He argues that this change deprived the circuit court of subject matter jurisdiction to revoke his suspended sentence and rendered the

9

May 2022 order void ab initio. Whether a court has subject matter jurisdiction is a question of law we review de novo. *Parrish v. Fannie Mae*, 292 Va. 44, 49 (2016).

Like court orders imposing penalties above the applicable statutory maximum, orders made in absence of subject matter jurisdiction are also void ab initio. *See Watson,* 297 Va. at 350. Subject matter jurisdiction defines a court's "power to adjudicate a case." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018). This jurisdiction "may only be acquired by virtue of the Constitution or of some statute," and may not be conferred upon a court by a party's waiver or acquiescence. *Id.* Subject matter jurisdiction is distinct from "active jurisdiction," where courts possess valid subject matter jurisdiction to hear a matter but may err in the proper exercise of their authority consistent with "settled principles of the unwritten law" or any applicable "mandate of the statute law." *Cilwa v. Commonwealth*, 298 Va. 259, 266-67 (2019). Errors in active jurisdiction may only render a decision voidable, not void ab initio for lack of jurisdiction. *Id.* at 270. By definition, parties will be bound by voidable orders until the orders are overturned or otherwise vacated. *Voidable*, Black's Law Dictionary (5th ed. 1979); *see also, e.g.*, *Kelley v. Stamos*, 285 Va. 68, 75 (2013) (observing that "[a]n order of a court may . . . be 'voidable' if it contains reversible error," but that such order "is not 'void' until it is directly and successfully challenged").

We hold that Code § 19.2-303.1 did not abrogate the court's subject matter jurisdiction to decide Hannah's revocation. Code § 19.2-303.1 is not a jurisdictional statute on its face in that it does not confer authority on a circuit court to adjudicate a certain category of cases.[7] Circuit

_____

[7] Even if jurisdictional, Code § 19.2-303.1 would need to have retroactive effect if it were to divest a court of subject matter jurisdiction it already possessed. Stated above, this Court will not infer a statute's retroactive intent unless it is "manifest and plain," and, in this case, "expressly provide[d]" for by the bill. *See supra* at 8. It would be a significant legislative act for the General Assembly to retroactively reopen and adjust every probation order entered prior to

10

courts already possess jurisdiction to adjudicate criminal matters and their power to sentence and preside over revocations is ancillary to that jurisdiction. Code § 17.1-513; *Cilwa*, 298 Va. at 269. Nothing within the text of Code § 19.2-303.1 purports to modify or shrink this general jurisdictional grant. Instead, the statute limits the length of suspended sentences a court may impose. Code § 19.2-303.1. Accordingly, errors in the application of Code § 19.2-303.1 do not create a fundamental infirmity which would strip a court's jurisdiction to preside over certain suspended sentences.[8]

## B. Procedural Considerations

### 1. Preservation of Hannah's Code § 19.2-303.1 Challenges

Because any error arising from a misapplication of Code § 19.2-303.1 would render a judgment voidable at most, this issue must have been properly preserved for appellate consideration. In this case, the Court of Appeals ruled that Hannah's challenges based on Code § 19.2-303.1 were waived under Rules 5A:18 and 5A:20. We review the Court of Appeals' interpretation of our Rules de novo. *LaCava v. Commonwealth*, 283 Va. 465, 470 (2012); *Jay v. Commonwealth*, 275 Va. 510, 517 (2008).

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling,

---

July 2021, potentially cutting short probation periods for thousands of probationers. We see no such intent on the face of the statute or the bill, much less one expressly provided.

[8] *See Cilwa,* 298 Va. at 269. Hannah's argument closely mirrors the appellant's argument in *Cilwa*, which this Court rejected. Appellant Cilwa argued that Code § 19.2-304 contained an implied time limitation which if violated would deprive a court of subject matter jurisdiction to hear the case. *Id.* Without passing judgment on whether the statute actually contained this time limit, this Court found that Code § 19.2-304 was procedural rather than jurisdictional. *Id.* Since the statute did not grant a trial court categorical judicial power over criminal cases or their attendant proceedings, it could not reasonably be read to strip a trial court of subject matter jurisdiction if the court violated the procedure therein. *Id.* at 269-70.

11

except for good cause shown or to enable this Court to attain the ends of justice." The purpose of this Rule is to ensure that litigants "make timely and specific objections, so that the trial court has an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." *Brown v. Commonwealth*, 279 Va. 210, 217 (2010); *Reid v. Baumgardner*, 217 Va. 769, 773 (1977). Preserving an argument may not require formal exceptions or objections "if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments." *Brown*, 279 Va. at 217.

In the circuit court, Hannah argued that "a misdemeanor is not going to be the same as a felony," and "it's part of my argument that the probation period would have ended on the misdemeanor." This argument was not specific enough to put the circuit court on notice of a potential defect under Code § 19.2-303.1. Therefore, the circuit court was not given an opportunity to intelligently rule on the issue presented before the Court of Appeals and before our Court today, and Hannah does not raise the ends of justice exception to Rule 5A:18. We will not invoke the exception sua sponte here. We affirm the Court of Appeals in finding that this argument was waived under Rule 5A:18 and need not reach the issue of whether this particular assignment of error also violated Rule 5A:20.

### 2. Preservation of Hannah's Sufficiency Argument

Hannah argues that the Court of Appeals erred in concluding that he did not preserve his challenge to the sufficiency of the Commonwealth's evidence under Rule 5A:18. Hannah specifically asserted before the Court of Appeals that the evidence below was insufficient to show his violative conduct was "willful." The Court of Appeals found this issue not preserved because the notion that Hannah's conduct was unwilful, rather than simply negligent, was only raised on appeal. *Hannah,* 2023 Va. App. LEXIS at \*14.

12

Hannah's probation revocation was premised on his violation of Probation Condition 8, which required that he refrain from unlawfully possessing or using controlled substances. At the hearing, Hannah admitted to taking Percocet without a prescription, but questioned the accuracy of the positive drug screens for fentanyl and opiates, as Hannah maintained that he only used marijuana. Hannah's probation officer explained that, while Hannah was not forbidden from using marijuana, "we're understanding that marijuana is having other substances in it, potentially fentanyl or cocaine" that may show up in drug screens. In Hannah's motion to strike, Hannah explained that he was "disputing that he was using certain substances, only using THC." The Commonwealth answered, "if he's using marijuana, he assumes the risk of what might be in that." In denying the motion to strike, the circuit court stated that "[a]s far as [Hannah's] not knowing, that's not an excuse. Even if it was a first time and only time, somebody may excuse it for possession, but when it happens time and again and he said that he wasn't using any drugs, then he comes back and is told that fentanyl and opiates is going to be -- and yet he knows he's doing marijuana which is also a positive screen."

The totality of these exchanges show that Hannah only disputed the Commonwealth's evidence as to whether he willfully consumed fentanyl and opiates by using marijuana. The Commonwealth's allegations, however, were also premised on Hannah's misuse of Percocet, which contains the Schedule II controlled substance oxycodone. Code § 54.1-3448; *Davis v. Commonwealth*, 79 Va. App. 123, 151-52 (2023). Even without the positive drug screens, Hannah's admission of Percocet possession and misuse was sufficient evidence on which to find him in violation of Condition 8. Because of this admission, his motion to strike and closing argument cannot be fairly characterized as a challenge to the overall sufficiency of the Commonwealth's evidence. Rather, Hannah's theory that his marijuana may have been "laced"

or contaminated by other controlled substances only questioned the quality of some of the Commonwealth's evidence and the gravity of the violation, not whether the entirety of the evidence, taken in the light most favorable to the Commonwealth, was insufficient to meet the Commonwealth's burden of proof. *See Baker v. Commonwealth*, 278 Va. 656, 663 (2009).

Rule 5A:18 requires that objections be stated with "reasonable certainty" to afford the trial judge an opportunity to rule intelligently on the matter. *Maxwell v. Commonwealth*, 287 Va. 258, 264-65 (2014). Like any other objection, challenges to the sufficiency of the evidence are only preserved if raised with some specificity in the court below. *See Floyd v. Commonwealth,* 219 Va. 575, 584 (1978). In this instance, the overall sufficiency of the evidence was not raised before the circuit court, depriving it of the opportunity to rule intelligently on the matter.[9] Therefore, we affirm the Court of Appeals' judgment that Hannah's challenge to the sufficiency of the evidence was barred by Rule 5A:18.

### III. CONCLUSION

For the reasons stated above, this Court affirms the judgment of the Court of Appeals.

*Affirmed.*

---

[9] Hannah does not raise the ends of justice exception for this assignment of error as well, and this Court declines to invoke it sua sponte.

14